# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KENYA WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:20-cv-194 |
| | ) |
| LIFELINE YOUTH & | ) |
| FAMILY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Kenya Wade ("Wade"), by counsel, bring this action against Defendant, Lifeline Youth & Family Services, Inc. ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964.

### II. PARTIES

2. At all times relevant to this action, Wade was a resident of Allen County and therefore resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Northern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Wade was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Wade satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging race and retaliation. Wade received the required Notice of Right to Sue and files this action within ninety days of her receipt.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Northern District of Indiana; thus, venue is proper in this Court.

### III.  FACTUAL ALLEGATIONS

9. Wade is African-American.

10. Wade began working for Defendant in or about July 2018 as a Family Consultant.

11. At all relevant times, Wade met or exceeded Defendant's legitimate performance expectations. On various occasions, Wade was told that she was doing a great job.

12. However, Wade never felt that she had the support of the Clinical Supervisor, Donna Bonnath or her supervisor, Niquita Albright.

13. On or around February 16, 2019, Wade filled in for a Caucasian co-worker. While filling in, she observed various policy violations by the client. When Wade inquired with the client about it, the client noted that it was what normally took place

when her co-worker supervised.

14. Wade documented the information and presented it to her supervisors on or about February 21, 2019, as part of a complaint regarding cultural issues and discrimination based on race. Albright indicated that she would follow up with Wade on her complaint, but she never did.

15. On or about March 1, 2019, Bonnath and Albright informed Wade that her employment was being terminated.

16. Wade's Caucasian co-worker was not disciplined as a result of her policy evaluations and was allowed to participate in the alleged investigation preceding Wade's termination from employment.

## IV.  CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

17. Wade hereby incorporates by reference paragraphs one (1) through sixteen (16) of her Complaint as if the same were set forth at length herein.

18. Wade was subjected to different terms and conditions of her employment based on her race, including the decision to terminate her employment.

19. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*

20. Defendant's actions were willful, intentional and done with reckless disregard for Wade's legally protected rights.

21. Wade has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: RETALIATION

22. Wade hereby incorporates by reference paragraphs one (1) through twenty-one (21) of her Complaint as if the same were set forth at length herein.

23. Defendant retaliated against Wade for having complained of race discrimination by terminating her employment.

24. Defendant's actions violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964.

25. Defendant's actions were intentional, malicious and done with reckless disregard for Wade's legally protected rights.

26. Wade has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kenya Wade, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Wade to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Wade of front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By:  /s/ Andrew Dutkanych
        Andrew Dutkanych
        411 Main Street
        Evansville, Indiana 47708
        Telephone:  (812) 424-1000
        Facsimile:   (812) 424-1005
        Email: ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Kenya Wade, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By:  /s/ Andrew Dutkanych
        Andrew Dutkanych
        411 Main Street
        Evansville, Indiana 47708
        Telephone:  (812) 424-1000
        Facsimile:   (812) 424-1005
        Email: ad@bdlegal.com